PER CURIAM.
The employer/carrier (E/C) appeal an order of the judge of compensation claims *211 (JCC) awarding claimant five hours of non-skilled attendant care. Claimant has cross-appealed contending he should have been awarded an additional two hours of care. We affirm.
Claimant suffers from avascular necrosis of the femoral head, a painful and debilitating condition which is causally related to his industrial accident. The E/C accepted him as permanently totally disabled retroactive to January 4, 1984. Claimant has difficulty doing things for himself such as getting dressed and putting on his shoes, taking his shower, getting his medication, and getting up and down from a sitting position. He has a memory deficit which causes him to forget to take his medication at times. He has a severe adjustment disorder and depression causally related to his accident. Because there is medical and lay testimony in the record which supports the award of five hours of non-skilled attendant care, we decline to disturb the JCC’s determination that five hours of attendant care is necessary.
Once again, the E/C have raised an issue on appeal regarding the applicability of a newly amended statute to the attendant care awarded, which was not raised in the proceeding below. Specifically, the E/C contend that the JCC should have applied section 440.13(2)(f), Florida Statutes (Supp.1990) to the award of attendant care. Once again, we write to advise the workers’ compensation bar that failure at the hearing level to raise an issue concerning the applicability of a newly amended statute results in waiver and precludes consideration of such issue on appeal. Rodriguez v. Howard Industries, 588 So.2d 646 fn. 2 (Fla. 1st D.C.A.1991).
AFFIRMED.
ERVIN, SMITH and ALLEN, JJ., concur.